IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Elizabeth A. Rodawalt,　　　　　　　　　　Case No. 2:24-CV-00601-EAS-EPD

　　　PLAINTIFF

v.

Primeritus Financial Services, Inc.,

　　　DEFENDANT.

MOTION TO DISMISS DEFENDANT PRIMERITUS FINANCIAL SERVICES, INC. FOR LACK OF PERSONAL JURISDICTION; REQUEST FOR HEARING

Now comes Defendant Primeritus Financial Services, Inc., by counsel, and files this Motion to Dismiss for Lack of Personal Jurisdiction, under Fed. R. Civ. P. 12(b)(2). This motion is supported by the attached memorandum of law and the Declaration of Kathleen Thornton. Defendant requests a hearing in the event the Court finds that Plaintiff's Complaint makes a *prima facie* showing of personal jurisdiction, and Plaintiff has created an issue of fact with an affidavit.

Dated: April 5, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/Boyd W. Gentry
　　　　　　　　　　　　　　　　　　Boyd W. Gentry (0071057)
　　　　　　　　　　　　　　　　　　Law Office of Boyd W. Gentry, LLC
　　　　　　　　　　　　　　　　　　4031 Colonel Glenn Highway, First Floor
　　　　　　　　　　　　　　　　　　Beavercreek, OH 45431
　　　　　　　　　　　　　　　　　　Tel. (937) 839-2881
　　　　　　　　　　　　　　　　　　Fax (937) 806-4089
　　　　　　　　　　　　　　　　　　bgentry@boydgentrylaw.com
　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

**MEMORANDUM**

**I.   INTRODUCTION**

Plaintiff alleges that Primeritus violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA"), pursuant to Ohio Rev. Code § 1345.01 *et seq.*, when a man named "Carl" breached the peace during an attempt to repossess Plaintiff's car. *Complaint, generally.* Plaintiff alleges that "Carl" was "a representative" of Primeritus. *Id.*, at ¶ 11. However, the evidence shows that the person identified as "Carl" in paragraph 11 of the Complaint was never an employee, agent, or representative of Primeritus. See Ex. A, ¶ 8 (*Thornton Declaration*). The allegations in the Complaint, standing alone, are clearly inadequate to state a *prima facie* case for personal jurisdiction over Primeritus. Alternatively, if this Court were to find that the Complaint states a *prima facie* case for personal jurisdiction, then the attached Declaration shifts the burden to Plaintiff to produce evidence to support personal jurisdiction.

**II.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). Once a plaintiff makes a prima facie case, the burden shifts to the defendant, whose motion to dismiss must be properly supported with evidence. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Once the defendant has met the burden, it returns to the plaintiff, who may no longer "stand on his pleadings but must,

by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Id.* In deciding a motion to dismiss for lack of personal jurisdiction, a district court may (1) rely upon the affidavits alone; (2) permit discovery in aid of deciding the motion; or (3) conduct an evidentiary hearing to resolve apparent factual questions. *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).

> In deciding whether **personal jurisdiction** exists, a court has discretion to hold a hearing or rely [*5] on the affidavits and factual allegations in the pleadings. *Id.* If no hearing is held, the plaintiff need only make a prima facie showing. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

*Safety Today, Inc. v. Roy*, No. 2:12-cv-510, 2012 U.S. Dist. LEXIS 86966, at *3-5 (S.D. Ohio June 22, 2012). Here, Primeritus believes that there are no issues of fact concerning personal jurisdiction, as Plaintiff is not expected to provide an affidavit concerning the relevant facts. Primeritus requests a hearing if the Court finds that Plaintiff's Complaint makes a *prima facie* showing of personal jurisdiction. and Plaintiff has created an issue of fact with an affidavit.

### III. <u>ANALYSIS</u>

Personal jurisdiction is a court's power to exercise authority over a defendant; without it, a court cannot adjudicate a claim against an individual defendant. 4 Charles Alan Wright et al., Federal Practice and Procedure § 1063 (4th ed. 2022); Jurisdiction, Black's Law Dictionary (11th ed. 2019). In a case where a federal court's jurisdiction is invoked via a federal question, as is the case here, the court has personal jurisdiction over a defendant if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant of due process. *Bird*, 289 F.3d at 871. Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged, and the court need only

determine whether exercising personal jurisdiction violates constitutional due process. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996).

Effective April 7, 2021, the Ohio General Assembly amended the long-arm statute. Ohio's long-arm statute now provides that "[i]n addition to a court's exercise of personal jurisdiction under subsection (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution." Ohio Rev Code § 2307.382(C). "Since the amendment, neither the Supreme Court of Ohio nor any Ohio appellate court has addressed the effect of this new language." *A.B. Pratt & Co. v. Bridgeport Grp., LLC*, 2023 U.S. Dist. LEXIS 62708 (N.D. Ohio Apr. 10, 2023). Federal district courts that have interpreted the amendment "fall[] into one of two camps." *AmaTech Grp. Ltd. v. Fed. Card Servs., LLC*, 2022 U.S. Dist. LEXIS 1655 (S.D. Ohio Jan. 5, 2022). Some courts "have concluded that Ohio's long-arm statute now extends personal jurisdiction to the fullest extent that the U.S. Constitution permits[,]" *id.* (citing *C.T. v. Red Roof Inns Inc.*, 2021 U.S. Dist. LEXIS 132392 (S.D. Ohio July 1, 2021)), whereas others "[have] concluded that the purpose of the new language in § 2307.382(C) is merely to allow for 'general jurisdiction' over non-resident defendants in appropriate circumstances." *Id.* (citing *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 827 n.2 (S.D. Ohio 2021)).

Even assuming for purposes of this analysis that Ohio's long-arm statute applies to Primeritus, this Court must still evaluate whether exercising jurisdiction over Primeritus comports with federal due process standards. As explained next, exercising either general or specific jurisdiction over Primeritus does not comport with federal due process requirements.

### A. EXERCISING JURISDICTION OVER PRIMERITUS DOES NOT COMPORT WITH FEDERAL DUE PROCESS REQUIREMENTS.

The Due Process Clause analysis begins with whether personal jurisdiction is found generally or specifically. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549-50 (6th Cir. 2007). General jurisdiction depends on continuous and systematic contact with the forum state, so that a court may exercise jurisdiction over any claims a plaintiff may bring against the defendant. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). Specific jurisdiction, on the other hand, grants jurisdiction only to the extent that a claim arises out of or relates to defendant's contacts in the forum state. *Id.*

Here, Plaintiff cannot meet her burden to establish a *prima facie* showing of either general or specific jurisdiction over Primeritus to satisfy due process. Further, the exercise of jurisdiction over Primeritus offends the "traditional notions of fair play and substantial justice."

### (1) Primeritus is Not Subject to General Personal Jurisdiction in Ohio.

"General jurisdiction is proper only [when] 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Bird*, 289 F.3d at 873. For a corporation, the Due Process Clause prevents a court from asserting general jurisdiction over a foreign corporation unless a corporation's affiliation with the forum state is so "constant and pervasive as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Absent extraordinary circumstances, a corporation is properly regarded at home in its state of incorporation and in its principal place of business. *Id.* at 137.

Here, Plaintiff made a generic allegation that "Defendant conducts business in the Southern District of Ohio". *Complaint*, ¶ 3. Such a bald allegation cannot confer jurisdiction when the record shows that Primeritus is not incorporated in Ohio, nor does it have its principal place of business here. *See* Ex. A, ¶ 2-3. Primeritus was incorporated in Delaware and its principal place of business is in Tennessee. *Id.* Primeritus has offices only in Tennessee, North Carolina, and Texas. *Id.*, at ¶ 4. Primeritus does not have offices in Ohio. *Id.*, at ¶ 9. Primeritus does not have affiliates with offices in Ohio. *Id.*, at ¶ 10. Primeritus does not own or lease property in Ohio. *Id.*, at ¶ 11. Primeritus does not maintain a bank account in Ohio. *Id.*, at ¶ 12. Primeritus does not have an Ohio telephone number. *Id.*, at ¶ 13. Finally, the evidence shows that the person identified as "Carl" in paragraph 11 of the Complaint was never an employee, agent, or representative of Primeritus. *Id.*, at ¶ 8. The undisputed record shows that there is no basis for general jurisdiction.

### (2) Specific Personal Jurisdiction Over Primeritus Would Offend Due Process.

Specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* More specifically, "[t]o satisfy due process, specific jurisdiction requires that the suit 'arise out of' or 'be related to' [the defendant's] contacts with the forum state." *Steel Warehouse v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). In other words, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the

6

forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (internal quotations omitted); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state."). Here, this requirement means that Plaintiff's claim must arise from Primeritus' contact with Ohio. *See Steel Warehouse*, 154 F.3d at 714. As explained below, however, there is no evidence to support the allegation that the man who attempted the repossession was an employee of Primeritus.

To determine whether an exercise of jurisdiction satisfies due process, the Court must apply a three-part specific jurisdiction analysis. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. *Id.* Second, the cause of action must arise from the defendant's activities there. *Id.* Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*

> As to the first element, the Sixth Circuit has held that,
>
> purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of effects resulting in the forum state, something more than a passive availment of the form state's opportunities. The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there.

*Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003).

"The emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant to the forum state." *Id.* "It is the quality of the contacts, not the quantity, that determines whether they constitute 'purposeful availment.'" *Neal v. Janssen*, 270 F.3d, 328, 332 (6th Cir. 2001) (citing *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1301 (6th Cir. 1989)).

Here, the only connection that Plaintiff alleges to Ohio is a false allegation that "Carl" was "a representative" of Primeritus. The undisputed record shows that Primeritus did not employ "Carl." The person identified as "Carl" in paragraph 11 of the Complaint was never an employee, agent, or representative of Primeritus. *Id.*, at ¶ 8. Plaintiff has not alleged any other action connecting Primeritus to Ohio. As such, Plaintiff has not, and cannot, meet her burden to prove that Primeritus purposefully availed itself to personal jurisdiction in the State of Ohio such that it would expect to be haled into a court in Ohio.

Plaintiff was careful not to allege that "Carl" was an agent, employee, or even an independent contractor of Primeritus. There are no factual allegations in the pleadings to show that Primeritus furnished "Carl" with materials for his work. There are no allegations that Primeritus paid "Carl" compensation. Primeritus would deny such allegations if made by Plaintiff and would request a hearing if Plaintiff made such allegation in an affidavit.

As to the final element, the Court must determine whether it would be reasonable to exercise jurisdiction such that it will "comport with traditional notions of fair play and substantial justice." *CompuServe*, 89 F.3d at 1268. In determining whether the exercise of jurisdiction is reasonable, the Court must consider several factors, including "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution

8

of controversies." *Id.* Primeritus is headquarted in Tennessee and would face a substantial burden in litigating in Ohio. *Cf. Black v. Usher Transp.*, No. 2:10-cv-0003, 2010 WL 2465379, at *5 (S.D. Ohio June 11, 2010) (Frost, J.).

Asserting personal jurisdiction over Primeritus would violate due process and any fundamental notion of "fair play and substantial justice." This action arises solely from the actions of a man identified as "Carl" who was not an employee or agent of Primeritus. Considering these circumstances, Primeritus does not have the requisite minimum contacts with Ohio, and haling it into court in Ohio would offend the traditional notions of fair play and substantial justice. For these reasons, Plaintiff failed to demonstrate that personal jurisdiction is proper in the State of Ohio, and the Court should dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2).

The only alleged connection to Ohio that is alleged in Plaintiff's Complaint is that "Carl", the man who allegedly breached the peace during an attempt to repossess Plaintiff's car, was "a representative" of Primeritus. But that is not enough, even if it were true. The evidence shows that Primeritus did not employ "Carl." *See Ex. A, at ¶ 8.* "Carl" was not an agent, employee, or representative of Primeritus. *Id.* Plaintiff may not rest on such bald allegations but has a burden to demonstrate through evidence that Carl was an employee of Primeritus.

## IV. CONCLUSION

Based on the foregoing, Primeritus respectfully requests that the Court grant its Motion and dismiss the lawsuit for lack of personal jurisdiction. Plaintiff cannot meet her burden of showing that asserting jurisdiction over Primeritus comports with federal due process standard. First, Plaintiff has not demonstrated that Primeritus' affiliations with this State are so "continuous and systematic" so as to render Primeritus essentially at

home in this State for purposes of exercising general jurisdiction. Additionally, Primeritus had no employment relationship with "Carl". And without purposeful direction, there is no specific personal jurisdiction over Primeritus under federal due process standards.

WHEREFORE Defendant respectfully requests this Court dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and for such other and further relief this Court deems just.

Dated: April 5, 2024  Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (937) 806-4089
bgentry@boydgentrylaw.com
*Counsel for Defendant*

## Certificate of Service

I certify that the foregoing has been served by the Court's CM/ECF service to all counsel of record on April 5, 2024.

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)